UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EDWARD MIGUEL HERNANDEZ, | ) | CASE NO. 4:06 CV0221 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| INS/F.C.I. ELKTON WARDEN, | ) | |
| | ) | |
| Respondents. | ) | |

On January 31, 2006, pro se petitioner Edward Miguel Hernandez filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Hernandez, who is incarcerated at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton), filed his petition against the Warden at F.C.I. Elkton and the Immigration and Naturalization Service. For the reasons stated below, the petition is dismissed pursuant to 28 U.S.C. § 2243.

*Background*

Mr. Hernandez filed an "Application for Naturalization," Form N-400 with the I.N.S. office in Lincoln, Nebraska on April 29, 2005. He was seeking naturalization as a citizen of the United States pursuant to 8 U.S.C. § 1430. Four months after submitting his application, petitioner

received an I-797C, Notice of Action, dated August 23, 2005, from the I.N.S. office in Nebraska. In the Notice, Mr. Hernandez was advised that it would be necessary that he provide fingerprints to the I.N.S. for clearance by the F.B.I. He was further advised that if he failed to provide his fingerprints before December 5, 2005 his application would be considered abandoned.

In an attempt to have his fingerprints taken by prison personnel, Mr. Hernandez submitted Inmate Request Forms to the staff a F.C.I. Elkton on August 29, 2005 and August 31, 2005, respectively. His requests were denied. In response to plaintiff's final request dated November 8, 2005, Associate Warden Andrew J. Dachisen advised Mr. Hernandez that F.C.I. Elkton staff members were no longer permitted to take fingerprints for inmates. Mr. Dachisen suggested that the Mr. Hernandez draft a letter to the Office of Immigration and Customs Enforcement ("ICE") to inquire whether an ICE officer would "determine the need for you to be fingerprinted" during one of his visits to F.C.I. Elkton.

In two letters to the I.N.S. office in Cleveland, Ohio, dated September 7, 2005 and November 26, 2005, Mr. Hernandez requested that an I.N.S. staff member take his fingerprints before December 5, 2005. There is no indication that he ever received any response from the I.N.S.

Mr. Hernandez now seeks an order from this Court compelling the I.N.S. and or the Warden at F.C.I. Elkton to have his fingerprints taken "as a result of the I.N.S. District Director's Notice of Action Letter Dated on August 23, 2005 to the petitioner." (Pet. at 3.) In addition, he seeks an order 'to show cause why a Compelling and Emergency Temporary Order should not be issue [sic] as requested by both the I.N.S. District Director and the Petitioner for granting of his

derivation citizenship pursuant to 8 U.S.C. § 1430(a)."[1] (Pet. at 3.)

*28 U.S.C. § 2241*

When a prisoner seeks to challenge the execution or manner in which a sentence is served he must file his claim in the court having jurisdiction over his custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

In the present petition, there are no facts that challenge the execution of in Mr. Hernandez's sentence. While the court acknowledges petitioner's reference to Immigration and Naturalization Service v. St. Cyr, 533 U.S. 289 (2001), and the fact that the Supreme Court preserved the writ in the case of aliens challenging deportations who raise otherwise unreviewable "pure questions of law," Mr. Hernandez does not allege that he is facing deportation or that he is otherwise in the custody of the I.N.S.[2] Thus, because a "writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody," Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95 (1973), this Court is without jurisdiction to review his claims against the I.N.S. See 28 U.S.C. § 2241(c) (providing that

---

[1] Beyond this conclusory sentence, Mr. Hernandez does not set forth any facts upon which he even attempts to support this request.

[2] The Sixth Circuit has joined several other courts of appeals in holding that a prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. See e.g., Vasquez v. Reno, 233 F.3d 688, 693 (6th Cir. 2000) (alien seeking writ of habeas corpus contesting legality of his detention by Immigration and Naturalization Service (I.N.S.) was required to name as respondent individual having day-to-day control over facility in which he was being detained, not Attorney General, absent extraordinary circumstances); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992); Blango v. Thornburgh, 942 F.2d 1487, 1491-92 (10th Cir.1991) (per curiam); Brennan v. Cunningham, 813 F.2d 1, 12 (1st Cir.1987); Monk v. Secretary of Navy, 793 F.2d 364, 368-69 (D.C.Cir.1986).

a § 2241 habeas petition will not issue unless the petitioner is in custody). Instead, the Court must determine whether he can seek the relief he is requesting from the warden at F.C.I. Elkton.

As stated above, Mr. Hernandez is neither challenging the length nor execution of his sentence. His focus is directed at the Warden's failure to accommodate his request for fingerprints in order to complete the requirements for his application for naturalization. This is not the type of claim that may not be brought under 28 U.S.C. § 2241, which is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the conditions of one's confinement. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979). Even though the Supreme Court has historically permitted an alien's habeas corpus review of claims regarding eligibility for discretionary relief, see e.g. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954) (holding that the BIA's refusal to consider an alien's request for discretionary relief in violation of statute or regulations is cognizable on habeas), Mr. Hernandez has failed to assert that he has been denied discretionary relief by the Warden in violation of any statute or regulations.

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996)(quoting Pennsylvania Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985). Therefore, to the extent Mr. Hernandez can assert that a public officer refused to perform some duty plaintiff is owed by that public officer, he may have an action in mandamus. 28 U.S.C. § 1361. Beyond that, he has failed to set forth any claim for which he is entitled to habeas relief from the named respondents.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

          /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated:  4/3/06